IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALMONT INDUSTRIES, INC.; FARMSCAN AG PTY LTD; and BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO, | Civil Action No. 8:11-cv-415 |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| LINDSAY CORPORATION, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this Protective Order (this "Order") to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

**1.    Protected Information.**  Upon a determination by any party or non-party from whom discovery is sought (the "Designating Party") that any documentation or thing being produced or disclosed, whether formally or informally, including, but not limited to:

(a)    initial and supplemental disclosures;

(b)    answers to interrogatories;

(c)    documents;

(d)    transcripts of depositions;

(e)    responses to requests for admissions; and

(f)    any other discovery or disclosure made in this litigation,

contains a trade secret or other proprietary or confidential business, technical, sales, marketing, financial, or other commercial information that the Designating Party would not disclose to third

parties or that it would cause third parties to maintain in confidence, the Designating Party may designate such document or thing protected (collectively, "Protected Information").  Protected Information further includes, but is not limited to, technical information such as product design and operation and manufacturing techniques or processing information, trade secrets, formulas, research and development information, source code, object code, customer lists, sales and cost information, and pricing information, patent license agreements, or information that was generated in connection with, or reveals the content of, patent licensing negotiations; information that a party has treated as confidential and is not subject to public disclosure; information within the definition of trade secret as set forth in Section 1(4) of the Uniform Trade Secret Act (1985); and any other information that would qualify as confidential pursuant to Federal Rule of Civil Procedure 26(c) or any other legal standard.

Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided in connection with this litigation, including, but not limited to, documents, deposition testimony and exhibits provided in response to subpoenas served on those third parties.  All Protected Information of non-parties contained in such documents, depositions and exhibits shall be protected hereunder in the same manner as the Protected Information of the parties to this lawsuit.

2. **Designation.**  The Designating Party shall identify such Protected Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION" (collectively, "DESIGNATION" OR "DESIGNATED") on all or any part of the document or thing.  Any summary, compilation or copy of any document or thing containing a "DESIGNATION" shall

be treated as provided by this Order.  The DESIGNATION shall, when practicable, be made prior to, or contemporaneously with, production or disclosure, except in the case of depositions, which shall be designated as set forth in Paragraph 13.  An inadvertent failure to designate Confidential Information shall be dealt with in accordance with the terms of Paragraph 18.

     **3.**     **Confidential Information.**  For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced to or disclosed to a Receiving Party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a Court order, considers in good faith such documents and things to contain confidential and/or proprietary information not otherwise known or available to the public.

     **A.**     Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

     **(1)**     Attorneys with the law firms of record and supporting personnel employed by the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

     **(2)**     Outside Experts and/or Consultants retained by a party for purposes of assisting with the claims or defenses asserted in this matter ("Expert" or "Outside Expert") and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, and who have signed the form attached hereto as Exhibit A;

     **(3)**     Any in-house counsel or employee of a party who either has responsibility for making decisions dealing directly with this action or who is assisting outside counsel in preparation for proceedings in this action;

(4)     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

(5)     Independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

(6)     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other Court proceedings in this action and non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A;

(7)     Any person to whom the producing party agrees to provide a copy; and

(8)     With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**4.     Highly Confidential – Attorneys' Eyes Only**.     The "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is reserved for Protected Information that constitutes or contains trade secrets or other non-public, highly sensitive confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the producing party; Protected Information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements, the disclosure of which is likely to cause harm to the competitive position of the producing party.   In determining whether information should be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.

   **A.**  Documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and information contained therein shall be available only to:

    **(1)**  Attorneys with the law firms of record and supporting personnel employed by the law firm(s) of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

    **(2)**  Experts and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, and who have signed the form attached hereto as Exhibit A;

    **(3)**  The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

    **(4)**  Independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

    **(5)**  Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other Court proceedings in this action and non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A;

    **(6)**  Any person to whom the producing party agrees to provide a copy; and

    **(7)**  With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

   **5.**  **Restricted Confidential – Source Code Information.**  Each party shall have the right to designate any source code (including comments contained therein), object code, RTL,

HDL or other hardware description language, live data (that is, data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out) ("Code"), and copies thereof as "RESTRICTED CONFIDENTIAL – SOURCE CODE." Nothing in this Order shall require the producing party to provide executable code, and no electronic copies of Code may be made, except by the producing party and as set forth in Paragraphs 5.D-5.F. herein. Under no circumstances shall the Code be compiled into executable code by the requesting party. For purposes of this Paragraph, the "requesting party" includes Experts retained by the requesting party to review Code in compliance with Paragraphs 10-11 herein and outside counsel of record for the parties to this litigation.

      **B.**      Documents and Code designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," and the information contained therein, shall only be available to:

      **(1)**      Attorneys with the law firms of record and employees of such law firms of record for a party or parties to whom such Code and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" material was produced and whose duties and responsibilities require access to such materials;

      **(2)**      Experts and their necessary support personnel, subject to the provisions of Paragraphs 10-11 herein, and who have signed the form attached hereto as Exhibit A;

      **(3)**      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

**(4)** Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

**(5)** Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other Court proceedings in this action and non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Exhibit A;

**(6)** Any person to whom the producing party agrees to provide a copy; and

**(7)** With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**C.** Code designated under this section shall be made available for inspection to the requesting party at the offices of the producing party's outside counsel of record, or at the producing party's election, at a facility where the Code is maintained in its ordinary course of business, or as otherwise agreed, at a mutually agreeable time and place during regular business hours, or at such other location as may be mutually agreed upon by the parties.

**D.** When a party is making its Code available via inspection, a list of persons who intend to inspect the Code will be provided to the producing party at least three (3) business days in advance of any scheduled inspection. The party providing the inspection shall provide a stand-alone computer (that is not connected to a network, internet, or peripheral device) for reviewing and analyzing the Code. The stand-alone computer may be equipped to store print requests in a print folder.

**E.** For all parties (plaintiff and defendant), at the request of the requesting party, the party providing the inspection shall provide the requesting party paper copies of

reasonable portions of the Code identified by the requesting party.  The party providing the inspection will provide such paper copies to the requesting party within five (5) business days of the reviewing party's request, unless otherwise agreed.  The party providing the inspection shall mark such copies clearly and prominently as "RESTRICTED CONFIDENTIAL – SOURCE CODE" and affix individual production numbers.

        **F.**    Paper copies of Code must be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an Outside Expert cleared under the terms of this Order.  Paper copies of Code may not be converted into electronic format (including for emailing) except as required for filing or service of papers (including expert reports and discovery responses), motions, exhibits and pleadings, made under seal, or trial or hearing presentation.  Any deposition transcript may be electronically stored in outside counsel's deposition database.  Paper copies of Code may not themselves be copied, except to provide a copy to a person who has been cleared as an Outside Expert under the terms of this Order for the Receiving Party and except for use as exhibits for a deposition, expert report, motion, filing, hearing or trial.

        **G.**    Portions of deposition transcripts that contain reference to Code or exhibits with Code will be considered "RESTRICTED CONFIDENTIAL – SOURCE CODE." All such portions of deposition transcripts that contain reference to Code or exhibits with Code are to be kept under lock and key or otherwise secured at the offices of outside counsel of record, or at the office of an Outside Expert cleared under the terms of this Order.  Paper copies of Code may not be removed from a secured container unless in a secured area under the control of outside counsel of record or an Outside Expert cleared under the terms of this Order.  Any

printed Code filed with the Court shall be filed under seal, as provided in herein.  Only those individuals authorized and identified in Paragraph 5 shall be allowed to access printed Code.

       **H.**     Any party producing Code may, at its option and at its expense, produce the Code to a third-party escrow agent at a facility located in a mutually agreeable location who will safeguard the Code while allowing access to and use of the Code by the Receiving Party in accordance with subparagraph (f) of this Paragraph.  In addition to the requirements set forth elsewhere in this Order, any person authorized under the terms of this Order to receive Code that has been produced in this lawsuit must handle such Restricted Code in accordance with the following:

       **(1)**     Access to Code is strictly limited to those authorized to view material or information that has been designated "RESTRICTED CONFIDENTIAL – SOURCE CODE INFORMATION."

       **(2)**     No more than four (4) consultants/Experts for each party, after signing the Confidentiality Agreement, may have access to Code, including, but not limited to, reviewing it and/or consulting with respect to it.

       **(3)**     If a party produces Code to a third-party escrow agent at a facility located in a mutually agreeable location, such Code shall be made available during regular business hours (9:00 a.m. to 6:00 p.m., local time) on three (3) business days' notice at the third-party escrow agent's secure facility ("Secure Facility").  While the parties shall make their best efforts to restrict their requests to view the Code to normal business hours, access to the Secure Facility may also be provided on Saturdays and Sundays, so long as a request is made to the Producing Party by 9:00 a.m., local time, on the Thursday before the weekend for which access is requested and so long as the Secure Facility can accommodate such request.  The parties agree

that any Secure Facility will be located in a place conveniently accessible to all parties to this lawsuit. Any party viewing Code outside of the normal business hours of the escrow agent shall do so at its own expense.

       **I.**     The reviewing party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that the reviewing party shall not copy the Code into the notes. Any such notes shall be treated the same way as Code and shall be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE." In addition, no recordable media or recordable devices, including, without limitation, sound recorders, cellular telephones, peripheral equipment, CDs, DVDs, or drives of any kind, shall be permitted in the Code review room where the stand-alone computer is made available for viewing.

      **6.**    **Filing Under Seal.**  All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," or which contain information so designated, shall be filed electronically under seal in accordance with the applicable Local Rule(s) or order(s) of this Court, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential [or Highly Confidential – Attorneys' Eyes Only or Restricted Confidential – Source Code] – Under Protective Order" and a statement substantially in the following form:

           This envelope contains protected information filed in this case by (name of party) and is not to be opened nor the contents thereof to

be displayed or revealed except by order of the Court presiding over this matter.

7. **Undertaking.** Prior to any disclosure, each testifying and consulting Expert to whom such disclosure is to be made shall execute the Confidentiality Agreement annexed hereto as Exhibit A ("Confidentiality Agreement"). The Confidentiality Agreements shall be maintained by Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they are retained, and such counsel shall provide a copy of each executed Confidentiality Agreement to all counsel of record.

8. **Outside Counsel's Communication With Client.** Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Confidential Information.

9. **Disclosure to Author or Recipient.** Notwithstanding any other provisions, nothing in this Order shall prohibit Outside Counsel for a party from disclosing a document or thing designated as Protected Information to any person whom the document or thing clearly identifies as an author, addressee, source, or carbon copy recipient of such document or thing. Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, Outside Counsel may discuss such conduct or statements with such person, provided such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specially refers to such conduct or statement. Nothing herein is intended to permit counsel to contact an employee of the other party or any other person who is represented by counsel.

10.     **Disclosure to Experts.**     Subject to Paragraph 11, Outside Counsel for the Receiving Party may disclose Protected Information to Experts who are assisting in the preparation for and/or trial of this action.  Prior to disclosing any Protected Information to any Expert, Outside Counsel for the Receiving Party shall determine that disclosure to an Expert of particular Confidential Information is, in that counsel's good-faith judgment, reasonably necessary to the Receiving Party's prosecution or defense of this action.

11.     **Opportunity to Object to Proposed Expert.**     At least  five (5) business days prior to disclosure of any of the Designating Party's Protected Information to an Expert, the Receiving Party shall provide the Designating Party written notice stating the name and address of the Expert; a copy of the Expert's Confidentiality Agreement; a copy of the Expert's current resume showing his/her education and employment for the last four (4) years; a list of the Expert's patents and/or publications for the last ten (10) years; a list of all entities for which the Expert has provided consulting services in the last four (4) years; and a list of all lawsuits for which the Expert has served as an expert witness, including the names of all parties, the court, the cause number, and an identification of the parties for which the Expert served as an expert witness (Expert's Background Information).

If, within the eight (8) business-day period, the Designating Party objects to the proposed disclosure to the Expert, the Parties shall proceed to resolve the matter informally.  Within five (5) days of making an objection, the Parties shall agree on how to proceed or the objecting party may file a Motion with this Court identifying the ground for the objection and the Expert's background information.

Disclosure shall not be made until and unless this Court orders disclosure to that Expert or overrules the objection of the Designating Party.  This Court shall deny the Designating

Party's objection unless the Designating Party shows good cause why the proposed disclosure should not be permitted.

If the objecting party does not file a Motion within five (5) days of making an objection to the disclosure, the objection shall be deemed waived and the Receiving Party shall be allowed to disclose the Protected Information to the Expert.

**12.    Use of Protected Information at Depositions.**  Except as otherwise approved by the Designating Party or by an order of this Court, a Receiving Party may show Protected Information to a witness when the witness is (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of his or her employment with the Designating Party, (b) an individual identified in the Protected Information as an author, addressee, source, or copy recipient of such information, (c) an individual who, although not identified as an author, addressee, source, or copy recipient of such Protected Information, has seen such Protected Information in the ordinary course of business, (d) an individual who is employed by the Designating Party and has knowledge about the subject matter contained in the Protected Information sought to be shown to the witness, (e) designated as a 30(b)(6) corporate representative by the party producing the Protected Information that is to be shown to the witness, or (f) an Expert duly qualified under Paragraphs 10-11 (who shall first have executed the Confidentiality Agreement).  In addition to items (a) through (e) above, non-parties may be examined or testify at a deposition or trial concerning any document containing Protected Information of a Designating Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of a preexisting contract or business relationship between the Designating Party and the non-party and/or the non-party's employer.

13.     **Attendees at Protected Information Depositions and Designations of Deposition Testimony.**  No one may attend, view, or review the transcripts of the portions of any depositions at which Protected Information is shown or discussed, other than those persons authorized to have access to Protected Information pursuant to this Order.  Such depositions shall be DESIGNATED as soon as practicable by stating such designation in the record.

14.     **Distribution of Protected Information Transcripts.**  The portions of any deposition transcript that Outside Counsel for either party has DESIGNATED on the record at the deposition as "CONFIDENTIAL" and any Protected Information that is marked as a deposition exhibit shall be treated as Protected Information.  Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Protected Information for thirty (30) days after the transcript is delivered to the party's Outside Counsel.  During the thirty (30) day period, Outside Counsel for the Designating Party may remove the DESIGNATION of any portion of the deposition transcript, by indicating page and line numbers (insofar as practicable).  Transcript pages and exhibits containing Protected Information shall be distributed only to individuals authorized to receive Protected Information pursuant to this Order.

15.     **Presentation of Protected Information to This Court.**  With respect to testimony elicited during hearings and other proceedings, whenever Outside Counsel for any party deems any question or line of questioning calls for the disclosure of Protected Information, Outside Counsel may make a DESIGNATION on the record prior to such disclosure.  Any presentation of Protected Information to this Court at or prior to trial shall be made in the presence of only those individuals authorized to receive Protected Information under this Order.  Prior to any presentation of Protected Information to this Court, the presiding officer or the Clerk

of this Court shall advise all Court personnel and court reporters of the highly confidential nature of the Protected Information and of the duty to maintain the confidentiality of such information.

## GENERAL PROVISIONS

**16.     Limitation on Use and Disclosure.**  A person authorized to receive Protected Information under this Order shall not use or disclose Protected Information for any purpose other than the preparation and trial of this action and any appeals therefrom.  This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

**17.     No Presumption of Protected Status.**  This Order does not address discovery objections and does not preclude any party from moving for any relief under the Federal Rules of Civil Procedure or this Court's inherent powers.  Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, or proprietary or otherwise protectable information.  If a Receiving Party believes any information is improperly designated under this Order, it may contest such designation at any time until forty-five (45) days before trial.  The designation of any information designated as Protected Information produced thereafter may be contested within a reasonable time.  Protected Information subject to such a dispute shall be treated consistently with its designation by the Designating Party until this Court orders otherwise.

Upon contesting the designation and within five (5) days of receiving notice thereof, the party seeking to preserve the designation shall come forth with specific reasons it believes in good faith provide the basis of the contested confidentiality.  If the parties cannot resolve the designation contest, the designating party under this Order shall, within ten (10) days of

receiving notice, file under seal, as provided in this Order, a Motion with this Court identifying with specificity the information sought to maintain confidential and the reasons therefor.

18.     **Inadvertent Disclosure of Protected Information.**   Inadvertent failure to identify documents or things as Protected Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the Designating Party to appropriately mark the information in accordance with this Order.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality, but should make reasonable efforts to minimize any adverse impact of such disclosure once a designation as Protected Information has been made.

19.     **Inadvertent Disclosure of Work Product or Privileged Information.** Inadvertent production of documents or things subject to work-product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided the Producing Party shall notify the Receiving Party in writing of such inadvertent production within ten (10) days after the earlier of (a) the Producing Party's discovery of the inadvertent production or (b) its use in pleadings, motions or deposition testimony by the Receiving Party.  The return of the inadvertently produced documents and things along with any presentation to the Court for determination of privilege shall be controlled by Federal Rule of Civil Procedure 26(b)(5)(B).  If the Receiving Party disputes the inadvertently produced documents are protected by a privilege, or other immunity, the parties shall confer to resolve the dispute.  If, after conferring, the parties are unable to reach a satisfactory agreement, the Producing Party may obtain the return of the

inadvertently produced documents by complying with Federal Rule of Civil Procedure 26(b)(5)(B).  However, the Producing Party's compliance with Federal Rule of Civil Procedure 26(b)(5)(B) shall not prevent the Receiving Party from challenging any claim of attorney-client privilege, work-product immunity, or other applicable privilege or immunity from disclosure.

       **20.**    **Subpoena of Protected Information.**   If any entity subpoenas, orders production, or requests discovery of Protected Information a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of the subpoena, order, or discovery request and shall not produce the information until the Designating Party has had reasonable time (at least ten (10) days) to object or take other appropriate steps to protect the information.  During such time, the Receiving Party shall take all reasonable steps to object to disclosure to protect the Protected Information.  This duty of notification shall continue after a Designating Party is no longer a party to this action and after this action is fully concluded.

       **21.**    **Continuing Jurisdiction.**  After the conclusion of the above-captioned action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential Information pursuant to this Order, in order to enforce the provisions of this Order.

       **22.**    **Modification.**  The Court may modify this Order upon a showing of good cause.

       **23.**    **Duty to Return Documents and Things.**  Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, each party shall, at its option, either return to the Designating Party or destroy all physical objects and documents that were received from the Designating Party that embody DESIGNATED information and shall

destroy in whatever form stored or reproduced all other physical objects and documents, including, but not limited to, correspondence, memoranda, notes and other work-product materials that contain DESIGNATED information.  Outside Counsel for any party or non-party receiving Confidential Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the entry of a final non-appealable judgment or order concluding this action or the complete settlement of all claims asserted against all parties in the above-captioned action.  Counsel of record may retain one set of all papers filed with the Court, including any Protected Information filed under seal.

24. **Interpretation; Headings.**  Should the parties have any issues concerning the interpretation of this Order, they shall endeavor to promptly meet and confer to resolve the dispute before any party moves for this Court's assistance.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

25. **Limitations of Order.**  The restrictions set forth in any of the preceding Paragraphs shall not apply to information or material that:

(a)     was, is, or becomes public in a manner other than by violation of this Order or another Protective Order concerning the litigation of Valmont's patents;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material;

(c)     was already lawfully possessed by the non-designating party before the disclosure by the Designating Party; or

(d)     was independently developed by the non-designating party by personnel who did not receive or have access to the Designating Party's Protected Information.

So ORDERED and SIGNED this 1st day of May, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VALMONT INDUSTRIES, INC.;
FARMSCAN AG PTY LTD; and BOARD OF
REGENTS OF THE UNIVERSITY OF
IDAHO,

          Plaintiffs,

    v.

LINDSAY CORPORATION,

          Defendant.

Civil Action No. 8:11-cv-415

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR EXPERTS
RECEIVING CONFIDENTIAL INFORMATION**

I, _____, state the following:

1.    I have been retained by _____ [party] to serve as an

_____ [describe proposed area of expertise,

such as "database," "network process" or "financial"] in the above-captioned action.

2.    My address is _____

_____.

3.    My present employer is and the address of my present employer is _____

_____.

4.    My present occupation or job description is _____

_____.

5.      I have received a copy of the Protective Order in this lawsuit and I have carefully read and understood the provisions of the Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit, any Protected Information disclosed to me.

8.      I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, the nature of any Protected Information I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.      I will return all Protected Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

10.      If I am given access to source Code and/or object Code, I agree to abide by all terms of the Protective Order concerning such Code, including, but not limited to:

(a)      Viewing source Code only on a stand-alone computer (that is not connected to a network, internet, or peripheral device) for reviewing and analyzing the Code. The stand-alone computer may be equipped to store print requests in a print folder;

(b)      Keeping any written reference to the password for such source Code and/or object Code separate from the source Code and/or object Code on removable media, and I agree to destroy any and all such references to the password once my review is complete;

(c)      Not making any copies of source Code unless permitted to do so by the Protective Order; and

(d)     Securing all printed copies of the source Code as called for in the Protective Order.

11.     I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

12.     I declare that all statements made herein are true and accurate and understand that any willful false statement is punishable by fine and/or imprisonment.

Signature: _____

Printed Name: _____

Address: _____

Subscribed and sworn to me this _____ day of _____, 2012.

Witness my hand and official seal.

_____
Notary Public